**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1087
_____

BI QING LIU,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-787-109)
Immigration Judge: Frederic G. Leeds

_____

Submitted Under Third Circuit LAR 34.1(a)
October 13, 2010
Before: MCKEE, Chief Judge, HARDIMAN and COWEN Circuit Judges

(Opinion filed October 29, 2010  )
_____

OPINION
_____

PER CURIAM

        Bi Qing Liu petitions for review of a final order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").  We

will deny the petition for review.

I.

Bi Qing Liu, a native and citizen of the People's Republic of China, entered the United States in 2006 and was placed in removal proceedings, during which he conceded that he was removable as charged. Liu applied for asylum, withholding of removal, and CAT protection, claiming that he feared he would be persecuted for his illegal departure and for participating in an underground church if he returned to China.

During the hearing on his application, Liu testified that he had become a Christian while in the United States and that he would choose to attend an underground church if he returned to China because officially sanctioned churches did not practice or reflect his religious beliefs. Liu testified that a friend told him that the Chinese government would "persecute" him if he attended an underground church and his mother told him he would be arrested. Administrative Record ("AR") at 113, 116-17. A friend from church also testified on Liu's behalf, stating that he knew someone who fled China to avoid being arrested for attending an underground church. AR at 148. In addition to this testimony, Liu submitted a number of documents, including State Department reports on religious freedom and country conditions in China and articles about crackdowns on Christians in China.

The IJ denied relief and ordered Liu's removal to China. Although he found Liu's testimony credible and determined that he had established a subjective fear of

persecution, the IJ concluded that Liu had not shown an objectively reasonable basis for his fear. The BIA affirmed, holding that, although "the record shows that some leaders and attendees of these [underground Christian] churches face problems, we agree with the Immigration Judge that the record does not provide an objectively reasonable basis that the respondent will face persecution." AR at 3. Liu filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). In doing so, we review factual findings for substantial evidence and may not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over conclusions of law, subject to the established principles of deference accorded agency decision-making. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 231 (3d Cir. 2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Liu asserts that he established a

3

well-founded fear of future persecution based on his religious beliefs and that he will be tortured for his illegal departure from China.[1]

To qualify for asylum on the basis of a well-founded fear of persecution, an applicant must show both a credible subjective fear and an objectively reasonable basis for the fear. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). In this case, the IJ determined that Liu had not demonstrated an objectively reasonable basis for his subjective fears of persecution. There is substantial evidence in support of that conclusion in the record. Liu presented the testimony of a friend regarding an instance in which someone fled China to avoid arrest for attending an underground church, as well as articles about governmental crackdowns on unsanctioned religious groups and State Department reports. The IJ acknowledged that there was a wide variety of unsanctioned religious activity in China and that some practitioners faced mistreatment. He specifically acknowledged reports that members of some underground Christian churches had

---

[1] Liu mentions the denial of his CAT claim only in the last paragraph of his brief, which consists of five sentences. He states that the "country condition reports in evidence demonstrate that the Chinese government routinely subjects returned smuggled aliens to degrading acts of torture." Pet. Brief at 12. Liu did not identify this as an issue presented for review in his brief – the sole issue presented for review is his religious persecution claim. Furthermore, Liu's brief sets forth no facts related to the claim. Federal Rule of Appellate Procedure 28(a)(5), (7), and (9) requires an appellant to state the issues raised on appeal, present facts relevant to those issues, and argue the issues with citations to authorities and the record. Liu has not done so for his CAT claim. "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." United States v. Pellulo, 399 F.3d 197, 222 (3d Cir. 2005). Accordingly, we conclude that the issue regarding torture on account of having been smuggled out of the country is not before the Court.

4

suffered abuse. But the State Department reports also indicated that government repression or tolerance varies based on locale, the nature of the group, and the size of the church. The IJ concluded that he could not "extrapolate" from this evidence that Liu had carried his burden of establishing an objectively reasonable basis for his fear that he would be persecuted.

Liu argues that the IJ based his decision on "pure speculation" that Liu would not be persecuted and ignored the State Department report on International Religious Freedom. Pet. Brief at 9. The BIA has already responded to this argument, pointing out that the IJ identified and discussed the report in his decision, AR at 3-4, 62, and that it is Liu who asked the IJ and the Board to speculate that he would be persecuted. We agree. Liu has the burden of proving his eligibility for asylum, 8 U.S.C. § 1158(b)(1)(B)(i), but his testimony regarding his religious practice claim was devoid of specifics. For example, he did not indicate where he might attend church in China and whether members of that church, or churches in the area, have faced increased scrutiny, harassment, or persecution from the government. The IJ appropriately refused to "extrapolate" an objectively reasonable basis for Liu's fear of persecution from the articles he submitted because the State Department reports indicated that treatment of unsanctioned religious groups varied. Thus, the evidence in this record does not establish that Liu "would be individually singled out for persecution" or that there is a "systematic, pervasive, or organized" pattern and practice of persecuting "underground" Christians in China. Sioe Tien Wong, 539

F.3d at 232-33 (citations omitted).

The BIA's determination that Liu is not eligible for asylum will be upheld because it is supported by substantial evidence in the record. Because the threshold for asylum is lower than the threshold for withholding of removal, Liu's inability to establish his eligibility for asylum necessarily undermines his eligibility for withholding of removal. Sioe Tien Wong, 539 F.3d at 236-37.

Accordingly, we will deny the petition for review.